THOMPSON, Judge.
The state appeals an order of the trial court granting the defendant’s motion to suppress. The trial court reasoned that the seizure of 30 to 40 growing cannabis plants from defendant’s property occurred in an area clothed by defendant’s reasonable expectation of privacy. We find that the search and seizure of the growing plants took place in an open field where, under the facts of this case, defendant had no reasonable expectation, of privacy. Accordingly, we reverse that portion of the trial court’s order suppressing the growing cannabis plants seized from defendant’s property.
Two deputies were assigned to investigate a confidential informant’s tip that cannabis was being grown on defendant’s property. Defendant’s 10 acre tract of land was bordered on two sides by pine trees. There was a path which led into this stand of pine trees. The deputies proceeded down this path until they came within approximately 40 feet of an old dilapidated hog wire fence surrounding the back of defendant’s property. At this point they saw a number of large cannabis plants growing in the field on the other side of the fence.
As the deputies surveyed the plants, they saw defendant and another person walking through the field, tending to the plants. After several minutes, the deputies crossed the old dilapidated hog wire fence and arrested defendant and the other person. Subsequently, all of the cannabis plants were seized without a warrant.
The record does not indicate that the search and seizure occurred within the cur-tilage of defendant’s house. Instead, the search and seizure occurred in an open field where, applying the rationale recently enunciated in DeMontmorency v. State, 401 So.2d 858 (Fla. 1st DCA 1981), defendant had no reasonable expectation of privacy. The cannabis plants were visible from the adjoining property and were protected only by a fence in an advanced state of disrepair. These circumstances do not indicate that defendant had a reasonable expectation of privacy in the area where the cannabis plants were growing. Under these circumstances the trial court should have applied the “open fields” doctrine. Accordingly, we reverse that portion of the order suppressing the growing cannabis plants seized from defendant’s property.
BOOTH and SHAW, JJ., concur.